Mehdi VAHDATI–NASAB, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 02–70387.

INS No. A24–599–192.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Submitted Feb. 5, 2003.*
Decided Feb. 19, 2003.

Before D.W. NELSON, WARDLAW and FISHER, Circuit Judges.

MEMORANDUM **

Mehdi Vahdati–Nasab petitions for review of the Board of Immigration Appeals's denial of his untimely motion to reopen his exclusion proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1105a (repealed 1996), as amended by the transitional rules in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, div. C, § 309(c)(4), 110 Stat. 3009, 3009–626, to review the BIA's decision to deny a motion to reopen deportation procedures. Socop–Gonzalez v. INS, 272 F.3d 1176, 1183 (9th Cir.2001) (en banc). We deny the petition.

Vahdati–Nasab's motion to reopen was untimely. "A motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later." 8 C.F.R. § 3.23(b)(1). Thus, Vahdati–Nasab's 1998 motion to reopen was approximately two years late. "The time ... limitations set forth in paragraph (b)(1) of this section shall not apply if the basis of the motion is to apply for asylum ... or withholding of removal ..., and is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered...." Id. § 3.23(b)(4)(i). Even if we were to conclude that the "changed country conditions" exception may be applicable here,

we agree with Board Member Schmidt that Vahdati–Nasab has failed to establish a prima facie case of persecution in either the United Kingdom or Iran, where he resided prior to the United States.

We do not entertain Vahdati–Nasab's argument, raised for the first time in his petition, that the BIA erred in not treating his motion to reopen as an application for withholding of deportation. 8 C.F.R. § 208.3. Because Vahdati–Nasab failed to raise this objection either before the IJ or the BIA, and because the BIA did not address the issue of its own accord, we lack jurisdiction to consider it. 8 U.S.C. § 1105a(c) (1996) ("An order of ... exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right...."); Socop–Gonzalez, 272 F.3d at 1183.

**DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.